IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

DARRYL D. SMITH,                )
                                )
    Plaintiff,                  )
                                )
vs.                             )     No. 13-2651-STA-dkv
                                )
EXPRESS JET AIRLINE,            )
                                )
    Defendant.                  )

_____

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL OF CLAIM OF
RETALIATION AND FOR ISSUANCE OF SUMMONS ON REMAINING CLAIM

_____

On August 21, 2013, the plaintiff, Darryl D. Smith ("Smith"), filed a *pro se* "Complaint under Title VII of the Civil Rights Act of 1964," (*Pro Se* Compl., D.E. 1), against the defendant, Express Jet Airline, accompanied by a motion seeking leave to proceed *in forma pauperis*, (D.E. 2). On August 28, 2013, the court issued an order granting Smith leave to proceed *in forma pauperis*, (D.E. 3). This case has now been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.) For the reasons that follow, it is recommended that Smith's claim for retaliation be dismissed for failure to state a claim upon which relief can be granted and that the Clerk of Court be directed to issue a summons to the defendant, Express Jet Airline, on Smith's remaining claim of age

discrimination.

I. PROPOSED FINDINGS OF FACT

To initiate this action, Smith filled out and filed a court-supplied complaint form entitled "Complaint under Title VII of the Civil Rights Act of 1964." In the complaint, Smith alleges that Express Jet Airline discriminated against him on the basis of age and retaliation by terminating his employment. (*Pro Se* Complaint, D.E. 1 ¶ 9.) He listed August 24, 2012, as the date of the alleged discrimination. (*Id.* ¶ 6.) In the space provided on the form for stating the circumstances under which the alleged discrimination occurred, Smith attached an additional page in which he described the circumstances as follows:

> The defendant suspended and eventually unjustly terminated the plaintiff's employment in violation of the Title VII Civil Rights Acts of 1964 . . based on age. . . . The defendant retaliated against plaintiff by bringing on numerous false accusations which eventually lead [sic] to plaintiff's termination . . . The defendant created a hostile work environment by unfairly delegating work assignments and schedules in favor of younger employees. When reported, defendant retaliated against plaintiff with numerous false accusations which lead [sic] to plaintiff's termination. The defendant unjustly terminated the plaintiff from his place of employment for alleged job abandonment . . .[The reason given by the defendant for termination is not the actual reason why the plaintiff was terminated.

(*See id.* ¶ 10, Attachment 1.)

According to the complaint, Smith filed a discrimination charge with the United States Equal Employment Opportunity

Commission ("the EEOC") on December 13, 2012. Attached to the complaint is a copy of the discrimination charge that Smith filed with the EEOC. (D.E. 1-1.) The EEOC charge form provides a list of possible bases for the alleged discrimination, from which list the complainant is instructed to "select appropriate box(es). Smith check the box corresponding to age discrimination but left the other boxes, including the box corresponding to discrimination based on retaliation, blank. Smith then stated in his charge:

> On August 24, 2102, I was discharged from the position of Aircraft Mechanic. I had worked for the [Express Jet Airline] since September 10, 2009. I was advised that I was discharged for job abandonment. I believe I have been discriminated against because of my age (46) in violation of the Age Discrimination in Employment Act, in that I am aware of two younger employees (John Campbell - 30 and Sterling Stewart - 20's) that have been accused of the same infraction; and, they have not been discharged.

(D.E. 1-1.)

The EEOC issued a notice of right to sue on June 3, 2013, a copy of which is attached to the complaint. (D.E. 1-1.) For relief, Smith seeks re-employment and "to be made whole." (Compl., D.E. 1 at ¶12.)

PROPOSED CONCLUSIONS OF LAW

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened

under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

This report and recommendation will constitute the court's screening. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

> (i)     is frivolous or malicious;
>
> (ii)    fails to state a claim on which relief may be granted; or
>
> (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B.   <u>Standard of Review for Failure to State a Claim</u>

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual

allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Ordinarily, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that employment discrimination plaintiffs are not required the plead specific facts establishing the elements of a *prima facie* case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). In so holding, the Supreme Court emphasized that "[t]he *prima facie*

5

case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement, 'and the McDonnell Douglas framework is inapplicable where a plaintiff has direct evidence of discrimination. *Swierkiewicz*, 534 U.S. at 501, 511. All that is required is that the complaint comply with "Rule 8(a)'s simplified pleading standard." *Id*. at 513.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 Fed. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 Fed. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 Fed. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out

the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. <u>Smith's Retaliation Claim</u>

Smith has failed to exhaust his administrative remedies as to his claim of retaliation. Exhaustion of administrative remedies is a prerequisite to the filing of an employment discrimination case. *Zipes v. Trans World Airline, Inc.*, 455 U.S. 385, 392-93 (1982). "A person seeking to bring a discrimination claim under Title VII in federal court must first exhaust [his] administrative remedies." *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731 (6th Cir. 2006). The purpose of this requirement is to allow the EEOC the opportunity to convince the parties to resolve the matter by voluntary settlement rather than through litigation. *Id.* at 731–32 (citing *Parsons v. Yellow Freight Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)). Administrative exhaustion involves (1) timely filing a charge of employment discrimination with the EEOC and (2) receiving and acting upon a statutory right-to-sue notice. *Granderson v. Univ. of Mich.*, 211 Fed. App'x 398, 400 (6th Cir.

2006)(citing *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)). The charge of discrimination must be liberally construed, and it need not "conform to legal technicalities" or "use the exact wording which might be required in a judicial pleading." *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000)(internal quotation marks omitted). Nonetheless, for a discrimination claim to be amenable to suit in federal court, "[t]he claim must grow out of the investigation or the facts alleged in the charge must be sufficiently related to the claim such that those facts would prompt an investigation of the claim." *Id.* (citing *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998); see also *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992)(stating that the claim must be one "reasonably expected to grow out of the charge of discrimination"). Accordingly, "[i]f a charge of discrimination contains no facts that would put a defendant on notice of a particular type of discrimination, a plaintiff may not file suit to remedy it under Title VII." *Powers v. Sonoco Prods, Co.*, No. 11-02061, 2011 WL 6012603, at *3 (W.D. Tenn. Dec. 1, 2011).

Smith's EEOC charge contains no claim of retaliation. He did not mark the box on his EEOC charge corresponding to retaliation nor did he allege retaliation in the box provided for the particulars of his claim. Even liberally construed, Smith's charge

fails to give the EEOC sufficient notice of his retaliation claim in order to prompt the EEOC to investigate a retaliation claim or attempt to conciliate it.

In addition, Smith has failed to plead sufficient facts to state a claim for retaliation. To state a claim of retaliation under Title VII, a plaintiff must allege that: (1) he acted in a manner protected by Title VII; (2) that the defendant knew of this exercise of protected activity; (3) that the defendant subsequently took an adverse action against him; and (4) the adverse action had a causal connection to the protected activity. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Smith states, in the attachment to his complaint, that "The defendant created a hostile work environment by unfairly delegating work assignments and schedules in favor of younger employees. When reported, defendant retaliated against plaintiff with numerous false accusations which lead [sic] to plaintiff's termination." However, Smith fails to allege any facts as to whom or when he complained and the substance of his complaint. He merely offers the conclusory phrase "when reported." The false accusations he refers to are statements by co-workers related to his write-up for failure to comply with duties assigned to him by a lead mechanic. (D.E. 1-7, 1-8, 1-9, 1-10). The allegedly "false accusations" by co-workers do not amount to an adverse action by Express Jet

Airline. Thus, it is recommended that Smith's retaliation claim be dismissed for failure to state a claim because he has not alleged sufficient facts from which the court can infer the essential elements of a retaliation claim.

For these reasons, it is recommended that Smith's claim based on retaliation be dismissed.

D.  Smith's Age Discrimination Claim

The Age Discrimination in Employment Act ("ADEA") prohibits an employer from discriminating "against any individual with respect to his terms of compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a *prima facie* case of age discrimination under the ADEA absent direct evidence of discrimination, a plaintiff must establish: (1) he was a member of the protected class, meaning he was at least 40 years old; (2) he was subjected to an adverse employment action; (3) he was qualified for the position; and (4) he was replaced by a substantially younger individual. *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 521 (6th Cir. 2008)(citing *Tuttle v. Metro. Gov't of Nashville*, 474 F.3d 307, 317 (6th Cir. 2007); *Skelton v. Sara Lee Corp.*, 249 Fed. Appx. 450, 456 (6th Cir. 2007); *Hedrick v. Western Reserve Care System*, 355 F.3d 222, 459-60 (6th Cir. 2004); *Ackerman v. Diamond Shamrock Corp.*, 670 F.2d 66, 69 (6th Cir. 1982). A plaintiff may

also satisfy the fourth prong of a prima facie showing by adducing evidence that he "was treated differently than similarly situated non-protected employees." *Russell v. University of Toledo*, 537 F.3d 596, 604 (6th Cir. 2008)(race discrimination case)(citing *Newman v. Fed. Express Corp.* 266 F.3d 401, 406 (6th Cir. 2001); *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006)(race and sex discrimination claim).

Although age differences of ten years or more have generally been held to establish the "substantially younger" element, age differences of ten years or less have not. *Grosjean v. First Energy Corp.*, 349 F.3d 332, 336-69 (6th Cir. 2003). The Sixth Circuit has declined to create a bright line rule for "substantially younger," but it has held that, "in the absence of direct evidence that the employer considered age to be significant, an age difference of six years or less between an employee and a replacement is not significant." *Id.* at 340.

The factual allegations in Smith's complaint are sufficient for the court to infer the essential elements of an age discrimination claim and to put Express Jet Airline on fair notice of Smith's claim and the grounds upon which it rests. The complaint states that Smith is age 46, thus a member of a protected class, that he suffered an adverse employment action when his employment was terminated for "job abandonment," that he was qualified for his

11

position as an aircraft mechanic which he had held for 3 years, and that two younger employees ages 30 and 20-something, were treated more favorably than he was in that they were accused of the same infraction and not discharged.

III. RECOMMENDATION

For the foregoing reasons, this court recommends that Smith's claim for retaliation be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

It is further recommended that the Clerk be directed to issue process for Express Jet Airline and to deliver that process to the marshal for service; that service be made on Express Jet Airline pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure; and that all costs of service be advanced by the United States.

It is further recommended that Smith be ordered to serve a copy of every document filed in this cause on the attorney for Express Jet Airline, make a certificate of service on every document filed, familiarize himself with the Federal Rules of Civil Procedure and this court's local rules,[1] promptly notify the Clerk of any change of address or extended absence, and be warned that

---

[1] A free copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the court's website at www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.

failure to comply with these requirements, or any other order of the court, may result in the dismissal of his case without further notice.

Respectfully submitted this 12th day of September, 2013.

                                           s/ Diane K. Vescovo
                                           Diane K. Vescovo
                                           United States Magistrate Judge

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.